# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| VOLEME J. BAPTISTE,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>CLARK COUNTY COURTHOUSE,<br><br>　　　　　Defendant. | 2:05-CV-0952-RCJ-PAL<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS (#9)** |

This matter coming before the Court on Defendant's Motion to Dismiss (#9). The Court has considered the Motion, the pleadings on file, and oral argument on behalf of all parties. IT IS HEREBY ORDERED that Defendant's Motion to Dismiss (#9) is *granted* with prejudice.

## BACKGROUND

On August 5, 2005, Plaintiff filed a *pro se* civil rights Complaint in this Court pursuant to 42 U.S.C. § 1983. The caption of the Complaint names the "Clark County Courthouse" as Defendant, but the body of the Complaint clearly indicates that Plaintiff intends to file suit against Las Vegas Township Justice of the Peace Douglas E. Smith.

Plaintiff alleges that Justice of the Peace Smith violated his civil rights at a May 6, 2005, hearing before the judge because the judge would not hear Plaintiff's arguments, ordered Plaintiff to leave the courtroom, arrested him for contempt of court as he was leaving, and sentenced Plaintiff to 25 days in jail. Plaintiff also contends that his civil rights were violated because he was subsequently released from jail without ever seeing a judge.

## DISCUSSION

### I.   Rule 12(b)(6) Standard

Dismissal for failure to state a claim under Rule 12(b)(6) is proper only if it is beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief. Williamson v. Gen. Dynamics Corp., 208 F.3d 1144, 1149 (9th Cir. 2000). The review is limited to the complaint, and all allegations of material fact are taken as true and viewed in the light most favorable to the plaintiff. In re Stac Elecs. Sec. Litig., 89 F.3d 1399, 1403 (9th Cir. 1996). Although courts assume the factual allegations to be true, courts should not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

On a motion to dismiss, the court "presumes that general allegations embrace those specific facts that are necessary to support the claim." Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 889 (1990). However, conclusory allegations and unwarranted inferences are insufficient to defeat a motion to dismiss under Rule 12(b)(6). In re Stac Elecs., 89 F.3d at 1403.

## II. Judicial Immunity

The doctrine of judicial immunity is supported by a long-settled understanding that the independent and impartial exercise of judgment vital to the judiciary might be impaired by exposure to potential damages liability. It is well established that judges have absolute immunity from civil liability for actions taken in their judicial capacity. See, e.g., Pierson v. Ray, 386 U.S. 547 (1967). Although judges are liable for acts taken "in the clear absence of all jurisdiction," judges are absolutely immune from suits for damages based on their judicial conduct. Sadoski v. Mosley, 435 F.3d 1076, 1079 (9th Cir. 2006), quoting Stump v. Sparkman, 435 U.S. 349, 356–57 (1978). Plaintiff has filed the present § 1983 action against Justice of the Peace Smith seeking civil penalties and costs. Plaintiff's allegations center on Justice of the Peace Smith's findings of contempt against Plaintiff for his behavior in open court. Therefore, Justice of the Peace Smith was not acting "in the clear absence of all jurisdiction." Id. Because Plaintiff's allegations exclusively concern the judge's actions taken in his judicial capacity, Justice of the Peace Smith is entitled to absolute immunity from civil liability.

## CONCLUSION

IT IS HEREBY ORDERED that Defendant's Motion to Dismiss (#9) is *granted* with prejudice.

DATED: May 3, 2006.

ROBERT C. JONES
UNITED STATES DISTRICT JUDGE